JaVonne M. Phillips, Esq. SBN 187474
Merdaud Jafarnia, Esq. SBN 217262
**McCarthy & Holthus, LLP**
1770 Fourth Avenue
San Diego, CA 92101
Phone (877) 369-6122
Fax (619) 685-4811

Attorneys for Secured Creditor, The Bank of New York Mellon F/K/A The Bank of New York as successor in interest to JP Morgan Chase Bank, N.A., as Trustee for Centex Home Equity Loan Trust 2005-C, its assignees and/or successors, by and through its servicing agent Nationstar Mortgage LLC d/b/a Mr. Cooper

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>Diane Lynn Price,<br><br>    Debtor. | Case No. 2:17-bk-20878-SK<br><br>Chapter 13<br><br>**STIPULATION FOR ADEQUATE PROTECTION**<br><br>Date: 4/18/2018<br>Time: 8:30am<br>Ctrm: 1575<br>Place: 255 E. Temple Street<br>       Los Angeles, CA 90012<br><br>Judge Sandra R. Klein |

1

# ADEQUATE PROTECTION AGREEMENT

*(This attachment is the continuation page for paragraph 7 of this order.)*

The stay remains in effect subject to the following terms and conditions:

1. ☐ The Debtor tendered payments at the hearing in the amount of $_____.

2. ☒ The Debtor must make regular monthly payments in the amount of $2,628.13 commencing (*date*) 4/1/2018. The amount of these payments may be subject to change under the terms of the parties' original agreements. All payments due Movant under this Adequate Protection Agreement must be paid to Movant at the following address:

   Nationstar Mortgage LLC d/b/a Mr. Cooper
   PO Box 619094
   Dallas, TX 75261-9741

3. ☒ The Debtor must cure the postpetition default computed through 3/1/2018 in the sum of $12,216.73 as follows:

   Monthly payments for 11/1/2017 through 3/1/2018 at $2,628.13, each; Bankruptcy fees and costs: $1,031.00; Less Debtors Suspense: ($1,954.92);

   a. ☒ In equal monthly installments of $1,536.12 each commencing (*date*) 4/15/2018 and continuing thereafter through and including (*date*) 8/15/2018, with a final additional monthly payment in the amount of $1,536.13 on or before 9/15/2018.

   b. ☒ By paying the sum of $ 3,000 on or before (*date*) 4/5/2018,

   c. ☐ By paying the sum of $_____ on or before (*date*)_____,

   d. ☐ By paying the sum of $_____ on or before (*date*)_____,

   e. ☐ Other (*specify*):

4. ☒ The Debtor must maintain insurance coverage on the Property and must remain current on all taxes that fall due postpetition with regard to the Property.

5. ☐ The Debtor must file a disclosure statement and plan on or before (*date*) _____
   The disclosure statement must be approved on or before (*date*) _____
   The plan must be confirmed on or before (*date*) _____

6. ☒ Upon any default in the terms and conditions set forth in paragraphs 1 through 5 of this Adequate Protection Agreement, Movant must serve written notice of default to the Debtor and the Debtor's attorney, if any. If the Debtor fails to cure the default within 14 days after service of such written notice:

   a. ☐ The stay automatically terminates without further notice, hearing or order.
   b. ☒ Movant may file and serve a declaration under penalty of perjury specifying the default, together with a proposed order terminating the stay, which the court may grant without further notice or hearing.
   c. ☐ The Movant may move for relief from the stay upon shortened notice in accordance with LBRs.
   d. ☐ The Movant may move for relief from the stay on regular notice.

7. ☒ Notwithstanding anything contained in this Adequate Protection Agreement to the contrary, the Debtor shall be entitled to a maximum of (*number*) **(2) (two)** notices of default and opportunities to cure pursuant to the preceding

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                          Page 4                                          **F 4001-1.RFS.RP.ORDER**

been served with this number of notices of default, Movant is relieved of any obligation to serve additional notices of default or to provide additional opportunities to cure. If an event of default occurs thereafter, Movant will be entitled, without first serving a notice of default or providing the Debtor with an opportunity to cure, to file and serve a declaration under penalty of perjury setting forth in detail the Debtor's failures to perform under this Adequate Protection Agreement, together with a proposed order terminating the stay, which the court may enter without further notice or hearing.

8. ☒ This Adequate Protection Agreement is binding only during the pendency of this bankruptcy case. If, at any time, the stay is terminated with respect to the Property by court order or by operation of law, this Adequate Protection Agreement ceases to be binding and Movant may proceed to enforce its remedies under applicable nonbankruptcy law against the Property and/or against the Debtor.

9. ☒ If Movant obtains relief from stay based on the Debtor's defaults under this Adequate Protection Agreement, the order granting such relief will contain a waiver of the 14-day stay as provided in FRBP 4001(a)(3).

10. ☒ Movant may accept any and all payments made pursuant to this order without prejudice to or waiver of any rights or remedies to which Movant would otherwise have been entitled under applicable nonbankruptcy law.

11. ☒ Other (*specify*): Debtor shall pay additional attorney fees of $100.00 to Secured Creditor for each default notice issued.

Date 3/5/2018

/s/ Merdaud Jafarnia
Merdaud Jafarnia, Esq.
Attorney for Movant

Date 3/2/18

Thomas B. Ure
Attorney for Debtor

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 5                                    F 4001-1.RFS.RP.ORDER